UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TYRON WALKER, | ) | | |
|---|---|---|---|
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Case Nos. | 1:12-CR-110-CLC-SKL |
| | ) | | 1:14-CV-214-CLC |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner, Tyron Walker's ("Walker"), pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 44].[1] The Government filed a response in opposition [Doc. 46].

Petitioner pled guilty and entered a guilty plea to one count of being a felon in possession of a firearm. *See* [Doc. 34] (Report and Recommendation) and [Doc. 36] (Order). This Court sentenced Petitioner, who had two prior drug convictions, to 32 months imprisonment [Doc. 41]. Walker did not appeal this conviction or sentence. Petitioner Walker did timely file this § 2255 Motion. [Doc. 44].

### I.  STANDARD OF REVIEW

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal"

---

[1] All references to docket numbers are to the criminal case record, 1:12-CR-110, unless otherwise noted.

and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonable effective assistance," as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

## II. ANALYSIS

In his § 2255 motion, Petitioner asserts two grounds in alleging he received ineffective assistance of counsel at sentencing. The Court finds that these claims do not warrant relief.

2

As to the first claim, Petitioner claims counsel "failed to object to the sentencing Court's application of the 'recency' points and two points increase in violation of the Sixth Amendment." However, as the Government noted in its Response [Doc. 46 at 4], the two point enhancement in this case was not assessed pursuant to the "recency" provision, but rather because Petitioner committed the instant offense while he was "under a criminal justice sentence" pursuant to U.S.S.G. § 4A1.1(d). Therefore, Petitioner's argument of ineffectiveness is without merit.

As to the Government's Response, the Court notes that Petitioner has agreed and conceded the same in his Reply brief [Doc. 48 at 2].

The Petitioner's second ground of ineffectiveness relates to Petitioner's claim that his counsel "failed to request for concurrent sentencing with a recommendation to the Bureau of Prisons for all time served credits from his state sentence to be awarded to his federal sentence in violation of the Sixth Amendment."

The Government argued in its Response that the power to grant such "credit for time served" lies solely with the Attorney General and the Bureau of Prisons, not the District Court, and is made after sentencing, not during sentencing [Doc. 46 at 4-5] (citations omitted). Petitioner argues that he was arguing for a different type of "credit," apparently achieved by an "adjustment" via a downward departure that is within the authority of the District Court. [Doc. 48 at 2-3]. Petitioner fails to develop an argument as to whether a downward departure was warranted or whether such a departure would achieve the results Petitioner claims, and the Court notes that it has essentially ruled on this issue in its previous Order denying Petitioner's Motion to run his sentence concurrent with his state sentence. [Doc. 49].

Finally, the Court not only finds these arguments and Petitioner's § 2255 motion without merit, but also moot, in as much as Petitioner has been released over one year, since April 2016, *see* [Docs. 44 at 7; 49, n.1; 52 at 2], and jurisdiction of his supervised release has been transferred to the Middle District of Tennessee [Doc. 52].

### III. CONCLUSION

In sum, the Court finds that because the claims presented in the Motion [Doc. 44] are both moot and lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, the Court will **DENY** Petitioner's motion [**Doc. 44**]

In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**